UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOMER GILBERT                                   )
                                                )
            Plaintiff,                          )
                                                )
    v.                                          )
                                                )   No.
THE CITY OF CHICAGO, a municipal corporation    )   FILED: AUGUST 18, 2008
OFFICER B. CHEN, OFFICER B. VELEZ,              )   08CV4698
SUPERVISING POLICE OFFICER,                     )   JUDGE DARRAH
OFFICER CURTISTEEN GILBERT                      )   MAGISTRATE JUDGE BROWN
                                                )
            Defendants.                         )
                                                    DAJ

## COMPLAINT

NOW COMES the Plaintiff, Homer Gilbert, by and through his attorney, Michael E. Rediger and in complaining of the Defendants, The City of Chicago, Chicago Police Officer B. Chen, Chicago Police Officer B. Velez, and Officer Curtisteen Gilbert and states as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871; 42 U.S.C. §1983. This court has jurisdiction under 28 U.S.C §1331 and §1343(a).

2. Venue is founded in this judicial court upon 28 U.S.C. § 1381 as the acts complained of arose in this district.

### PARTIES

3. Plaintiff, Homer Gilbert is a resident of Chicago, Illinois.

4. Defendant, Chicago Police Officer B. Chen ("Chen"), is and was at all times relevant to this action an officer of the City of Chicago Police Department acting under color of state law and is assigned star number 14706.

5. Defendant, Chicago Police Officer B. Velez ("Velez") is and was at all times relevant

to this action an officer of the City of Chicago Police Departmenr and acting under color of state law and is assigned star number 12714.

6. Defendant Chicago Police Officer Curtisteen Gilbert is the wife of Plaintiff Homer Gilbert. Defendant Curtisteen Gilbert is and was at all times relevant to this action an officer of the City of Chicago Police Department and acting under color of state law.

7. Pursuant to the Illinois Supreme Court decision <u>Carver v. Sheriff of LaSalle County,</u> Defendant, City of Chicago, is a necessary party to this suit.

8. The City of Chicago employs all named Defendants.

**FACTUAL BACKGROUND**

9. Plaintiff Homer Gilbert and Defendant Curtisteen Gilbert were married and were, at all times relevant to this action, operating under an Agreed Parenting Order pursuant to their pending divorce, No. 07 D 000009.

10. At approximately 1:30 p.m. on March 9, 2007, Homer Gilbert and Curtisteen Gilbert discussed use of their second vehicle, which they co-owned, so that Homer Gilbert could procure a part in order to fix the furnace at the shared residence. After this initial discussion, Curtisteen Gilbert left in the vehicle to pick up their two children from school.

11. Upon her return, approximately 10 minutes after her departure, Homer Gilbert asked her approximately 10 times to give him the keys to the second vehicle or to drive him to the store so that he could procure the part necessary to fix the furnace.

12. Curtisteen Gilbert continued to refuse to give Homer Gilbert the keys to the car, at which point he reached into the pocket her sleeveless ski vest to retrieve the keys. Curtisteen Gilbert grabbed the jacket away from him and pushed him backwards on the chest one time.

13. Curtisteen Gilbert then went to a cordless phone on the kitchen counter and began to

call 911.

14. The police arrived at the scene shortly thereafter and spoke to both Curtisteen Gilbert and Homer Gilbert. Homer Gilbert does not know the conversation that took place between the police and Curtisteen Gilbert because he was in a separate room consoling his children while this conversation took place.

15. The police then spoke to Homer Gilbert in the presence of his children and told him to leave the residence and that there would be no charges filed against hime. He was to return the next day when it was his turn to have custody of the children the next morning. Mr. Gilbert left as instructed by the Officers Chen and Velez.

16. The following day, Homer Gilbert returned to the house as scheduled, upon which time Curtisteen Gilbert took their two children out for breakfast.

17. Shortly thereafter, Curtisteen Gilbert returned, she was accompanied by two police officers who then arrested Homer Gilbert and charged him with domestic battery. Mr. Gilbert spent two days in custody while awaiting bail.

18. On or about March 9, 2007 Officers Chen and Velez filed a false police report attached hereto as Exhibit A under RD No. HN -216482 wherein they falsely reported that when they arrived on the scene on March 9 that Mr. Gilbert "fled through the rear door".

19. On October 2, 2007, The Cook County States attorney's office dismissed all charges against Homer Gilbert regarding the incident.

## COUNT I
## <u>SECTION 1983 ACTION</u>

20. Plaintiff re-alleges and reincorporates Paragraphs 1-17 of this Complaint as though fully set forth herein as Paragraph 18.

21. On March 10, 2007, at approximately 7:50 a.m., Plaintiff Homer Gilbert was arrested for the offense of Domestic Battery. At the time of the arrest, the Plaintiff was not in violation of any penal code of the state of Illinois nor was he in violation of any law whatsoever.

22. Notwithstanding this fact, the Arresting Defendants entered the Plaintiff's residence, without a warrant, without exigent circumstances, without consent and without probable cause.

23. The actions of the officers, described above, deprived the Plaintiff of the following rights under the United States Constitution:

    a. freedom from unreasonable physical seizure;

    b. freedom from deprivation of liberty without due process of law;

    c. right to privacy.

24. The Defendants subjected the Plaintiff to such deprivations by either malice or a reckless disregard of the Plaintiff's' rights. As a direct and proximate result of the arresting Defendants' acts, the Plaintiff has lost his business and endured mental suffering. Plaintiff has been forced to incur legal expenses and was deprived of his physical liberty, his right to bodily security and his right to be secure in his person and business.

25. Prior to March 10, 2007 the Defendant City of Chicago permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable, and illegal searches and seizures by its police officers against citizens and individuals within its territorial boundaries in that it:

    a. failed to discipline or prosecute or in any manner deal with known

        incidents of wrongful police search and seizures;

    b.    failed or refused to investigate citizen complaints of previous incidents of wrongful police search and seizures;

    c.    encouraged by means of in-action or cover-up, police officers employed by it to believe that illegal search and seizures against individuals were permissible.

26.    The foregoing acts, omissions and deficiencies are policies and customs of Defendant City of Chicago, and such caused the arresting Defendants to be unaware or to ignore the rules and policies governing the permissible ways and means to conduct a search and/or seizure, to believe that they had discretion to conduct illegal search and seizures, and to believe that a violation of the Fourth Amendment would not be properly investigated by Defendant, all with the foreseeable result that the Arresting Defendants would be more likely to conduct illegal search and seizures. As a direct and proximate result of the aforesaid acts, omissions, deficiencies, policies and customs of Defendant City of Chicago, the Arresting Defendants improperly and illegally conducted a search and seizure against the Plaintiffs in violation of the Plaintiffs' constitutional rights.

27.    At the time of the actions complained of herein, the arresting Defendants were acting as officers of the police department of Defendant City of Chicago.

    WHEREFORE, the Plaintiffs request the following relief:

a.    Compensatory damages;

b.    Punitive damages;

c.    Reasonable attorney's fees and costs; and

d.    Such other and further relief as appears reasonable and just.

## COUNT II
### FALSE ARREST

28. Plaintiff re-alleges and reincorporates Paragraphs 1-22 of this Complaint as though fully set forth herein as Paragraph 31.

29. Despite the fact that Plaintiff Homer Gilbert had committed no crime nor broken any law, the Defendants caused him to be arrested by filing a false police report and arresting him without a warrant and without probable cause. Said arrest was in violation of Plaintiff's right to be free from an unreasonable search and seizure under the Fourth Amendment to the United States Constitution and to be free from a deprivation of liberty under the Fourteenth Amendment to the United States Constitution. Arresting Defendants thereafter caused Plaintiff Homer Gilbert to be imprisoned without probable cause or reason in the Cook County Jail for a period of several hours against his will or consent, all in violation of his constitutional rights described above. As a result, Plaintiff was deprived of his physical liberty, prevented from attending to his daily activities and deprived of his constitutional rights, all to his damage.

30. Prior to March 10, 2007, Defendant City of Chicago permitted, encouraged, tolerated and ratified a pattern of practice of unjustified, unreasonable, and illegal arrests by his officers of citizens and individuals within its territorial boundaries in that it:

   a. failed to discipline or prosecute or in any manner deal with known incidents of wrongful arrest;

   b. failed to or refused to investigate citizen complaints of previous incidents of wrongful police arrest;

   c. encouraged, by means of in-action or cover-up, police officers employed by it to believe that wrongful arrests of individuals were permissible;

31. The foregoing acts, omissions and deficiencies are policies, practices or customs of Defendant City of Chicago, and such caused the Defendant arresting officers to be unaware or to ignore the rules and policies governing lawful arrests, to believe that the use of their power to arrest was entirely within their discretion and to believe that unjustified arrests would not be honestly and

properly investigated by their superiors, all with the foreseeable result that officers would be more likely to unlawfully utilize their powers to arrest. As a direct and proximate result of the aforesaid acts, omissions, deficiencies, policies and customs of Defendant City of Chicago the Co-defendant arresting officers improperly and illegally arrested Plaintiff Homer Gilbert.

32. At the time of the actions complained of herein, the Arresting Defendants were acting as officers of the Defendant City of Chicago. The arresting defendants falsely imprisoned Plaintiff Homer Gilbert under the laws of the State of Illinois. As a result of said false imprisonment, Plaintiff suffered damages as described herein.

WHEREFORE the Plaintiff requests the following relief:

a. compensatory damages;

b. punitive damages;

c. reasonable attorney's fees;

d. such other and further relief as appears reasonable and just.

## COUNT III
## CONSPIRACY

33. Plaintiff re-alleges and reincorporates Paragraphs 1-22 of this Complaint as though fully set forth herein as Paragraph 36.

34. Officers Chen and Velez as well as Defendant Curtisteen Gilbert, also a police officer of the City of Chicago, conspired by agreeing among themselves to unlawfully deny Plaintiff Homer Gilbert of his rights by knowingly illegally arresting Plaintiff, falsifying evidence and committing perjury.

35. When the police were present at the residence on March 9, 2007, Homer Gilbert was, for a time, out of their presence while he comforted his two children.

36. During this time, Officer Chen and Velez and Defendant Curtisteen Gilbert conspired to falsely arrest Homer Gilbert for Domestic Battery. They conspired together so as to help Curtisteen Gilbert gain an advantage in her pending divorce case against Mr. Gilbert.

37. The Defendants were each willful and voluntary participants in this scheme and at least one of the co-conspirators committed at least one of the overt acts alleged here. In this way, the defendants perpetuated a conspiracy against Plaintiff Homer Gilbert.

38. Despite not having committed any crime and despite having obeyed the orders of the police, Plaintiff was incarcerated. As a result, Plaintiff was denied his physical liberty all to his damage.

39. Prior to March 10, 2007, all Defendants were a member of the conspiracy, or, in the alternative, aided and abetted the conspiracy in that it permitted, encouraged, tolerated and ratified a pattern of practice of unjustified, unreasonable, and illegal evidence gathering techniques including the manufacturing of evidence and perjured testimony by its police officers of citizens and individuals within its territorial boundaries in that it:

    a. failed to discipline or prosecute or in any manner deal with known incidents of falsifying evidence and perjury;

    b. failed or refused to investigate citizen complaints of previous incidents of falsifying of evidence and perjured testimony;

    c. encouraged, by means of in-action or cover-up, police officers employed by it to believe that falsifying evidence and perjured testimony is permissible;

40. The foregoing acts, omissions and deficiencies are policies, practices or customs of Defendant City of Chicago, and such caused the co-defendant officers to be unaware or to ignore the rules and policies governing the collection of evidence and the giving of sworn testimony, to believe they had discretion as to the collection of evidence and the giving of sworn testimony and to believe

these actions would not be honestly and properly investigated by their superiors, all with the foreseeable result that officers would be more likely to perjure themselves and manufacture evidence. As a direct and proximate result of the aforesaid acts, omissions, deficiencies, policies and customs of Defendant City of Chicago, the Defendant arresting officers conspired to deprive Plaintiff Homer Gilbert of his right to a fair trial by perjuring themselves and falsifying evidence, conspired to deprive him of his liberty by conducting an illegal search and arrest and conspired to perpetuate the seizure of his person.

41. At the time of the actions complained of herein, the Defendant officers were acting as officers of the Defendant City of Chicago. The Defendant officers conspired to deny Plaintiff of his liberty and right to a fair trial by illegally searching and arresting him, falsifying evidence and perjuring themselves under oath at the preliminary hearing. As a result of the acts, Plaintiff Homer Gilbert suffered damages described herein.

WHEREFORE, Plaintiff Homer Gilbert requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney fees and costs; and

d. Such other and further relief as appears reasonable and just.

**JURY REQUESTED**

42. Plaintiffs respectfully request a jury trial on all matters properly triable thereto.

WHEREFORE, Plaintiffs pray that on final trial, Plaintiff recovers his actual and exemplary damages as set forth above; and that Plaintiff recovers his attorney's fees, any pre-judgment and post-judgment interest permitted by law at the highest legal rate, costs of court and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show him selves justly entitled.

Respectfully submitted,

s: Michael E. Rediger

_____
Michael E. Rediger
Attorney for the Plaintiff

Michael E. Rediger
The Law Office of Michael E. Rediger, P.C.
217 N. Jefferson St., Suite 602
Chicago, IL 60661
(312) 644-0939