# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOMER GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 4698 |
| ) | |
| THE CITY OF CHICAGO, ) | Judge John W. Darrah |
| OFFICER B. CHEN, ) | |
| OFFICER B. VELEZ, ) | |
| SUPERVISING POLICE OFFICER and ) | |
| OFFICER CURTISTEEN GILBERT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Homer Gilbert filed a three-count Complaint against the City of Chicago, et al., alleging certain civil right violations when he was arrested by the Defendants on or about March 9, 2007. On December 14, 2009, this Court entered a final judgment, dismissing all counts in Gilbert's Complaint. On January 13, 2010, Defendants filed their Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1), seeking $1,104.20. Gilbert was given until June 18, 2010, to respond to Defendants' Bill of Costs and failed to do so.

## LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) states:

*Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

Consistent with Rule 54's literal language, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Chemetall GmbH v. ZR Energym Inc*, 2001 U.S. Dist. LEXIS 23716, at *67 (Sept. 14, 2001). A prevailing party is the party who prevails as to the substantial part of the litigation. *Goldsmith v. Murphy*, 2005 U.S. Dist. LEXIS 8443, *12 (N.D. Ill., Feb. 22, 2005) (*Goldsmith*); See *Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996) (*Testa*). District courts enjoy wide discretion in determining and awarding reasonable costs. *Testa*, 89 F.3d at 447. Under Rule 54, recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *Goldsmith*, 2005 U.S. Dist. LEXIS 8443, at *12 (N.D. Ill., Feb. 22, 2005). Thus, Defendants are entitled to recover costs only if: (1) the expenses are allowable under § 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer*, 58 F.3d at 345.

## ANALYSIS

Defendants seek $1,104.20 in fees for ordering and copying transcripts of depositions. The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7F.3d 636, 645 (7th Cir. 1993). The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. *Cengry v. Fusibond Pipis Sys., Inc.*, 135 F.3d

455, 456 (7th Cir. 1998) (*Cengry*) (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court. *Cengry*, 135 F.3d at 456.

> Local Rule 54.1(b) states:
>
> the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case . . . shall be taxable as costs against the adverse party. . . . the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference . . . . Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed.

Local Rule 54.1(b)

For the relevant time period, the Judicial Conference has established the following maximum transcript rates: (1) $3.65 for an ordinary transcript, $0.90 for a copy to each party; (2) $4.25 for a fourteen-day transcript, $0.90 for a copy to each party; (3) $4.85 for an expedited transcript, $0.90 for a copy to each party; (4) $6.05 for a daily transcript, $1.20 for a copy to each party; and (5) $7.25 for an hourly transcript, $1.20 for a copy to each party.

Defendants attach to their Bill of Costs three invoices for costs of the depositions of Homer Gilbert, Brian Chen, and Curtisteen Gilbert that total $1,314.02.[1] Defendants do not state what specific costs they are attempting to recover. However, it appears Defendants are attempting to recover: (1) the original transcript for Homer Gilbert in the amount of $550.80; (2) "CD Depo Litigation Package" for Homer Gilbert in the amount

---

[1] Homer Gilbert's deposition cost of $784.80, Brian Chen's deposition cost of $339.27 and Curtisteen Gilbert's deposition cost of $189.95.

3

of $38.50; (3) the original transcript of Brian Chen in the amount of $325.00; and (4) one copy of the transcript of Curtisteen Gilbert in the amount of $189.95; for a total of $1,104.25.

The cost of the original transcript of Homer Gilbert's deposition of $550.80 was arrived at by multiplying 153 pages at a per-page price of $3.60. Accordingly, Defendants are awarded $550.80 for the cost of the original transcript for Homer Gilbert's deposition because the per-page rate is less than what is allowed by the Judicial Conference.

Next, it is unclear what the "CD Depo Litigation Package" is. "The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used." *Telular Corp. v. Mentor Graphics Corp.*, 2006 U.S. Dist. LEXIS 44848, at *4 (N.D. Ill., June 16, 2006). Accordingly, since the Defendants have failed to meet their burden on what the "CD Depo Litigation Package" is, this cost is not recoverable.

Next, Defendants seek $325.00 for the original transcript of Brian Chen. However, the invoice Defendants attach documenting this cost does not include how many pages the transcript is, nor does it include the per-page rate. Defendants did attach a copy of the transcript of the deposition of Brian Chen, which is 65 pages. Accordingly, the Defendants are awarded $237.25, 65 pages multiplied by $3.65, for the costs of Brian Chen's original transcript.

Next, Defendants seek $189.95 for a copy of Curtisteen Gilbert's transcript. Again, the invoice Defendants attach does not document the per-page cost for each copy,

nor does it include how many pages were copied. Again, however, Defendants did attach a copy of Curtisteen Gilbert's deposition transcript which is 67 pages. The Judicial Conference has set a maximum rate of $0.90 per page for copies of depositions. Accordingly, Defendants are awarded $60.30 for the costs of copying Curtisteen Gilbert's deposition transcript.

## CONCLUSION

Accordingly, the Defendants are awarded $848.35 in costs.

Date: 8-4-10

JOHN W. DARRAH
United States District Court Judge